John Shimerda, appellee, v. Nebraska Serum Company, appellant.

Filed November 30, 1918.   No. 20168.

1. **Appeal: Conflicting Evidence.** The finding of a jury on conflicting evidence will not be disturbed unless it is clearly wrong.

2. **Evidence** examined, and *held* to be amply sufficient to sustain the verdict.

Appeal from the district court, for Lancaster county: Frederick E. Shepherd, Judge. *Affirmed.*

*Kirkpatrick, McCollum & Kirkpatrick* and *E. J. Clements,* for appellant.

*Bartos & Bartos, F. M. Hall, H. W. Baird* and *F. D. Williams, contra.*

Aldrich, J.

This is an action at law, where one John Shimerda, of Saline county, sues the Nebraska Serum Company to recover damages growing out of administering hog cholera serum, sold by the defendant, when the same was alleged to have been spoiled and poisonous. By administering said medicine, it is alleged to have caused his hogs to the number of 202 to sicken and die.

The evidence in support of the allegations in the petition herein was submitted to a jury, which found a verdict for plaintiff in the sum of $1,375. The issues in this case are comparatively simple. The sole question, as we view it, is: Was the verdict of the jury sustained by sufficient evidence? There is no controverted question of law here giving grounds for controversy.

This case is decided in accordance with the well-known and recognized rule of this court, to wit, the finding of a jury based on conflicting evidence will not be disturbed unless it is clearly wrong.

Shimerda v. Nebraska Serum Co.

Defendant claims this verdict, if sustained, will work great injury to it in its manufacture of hog cholera serum. We answer that, if the serum manufacturers will take certain simple precautions, it will enable them to make, at least, a defense to actions of this kind. For instance, defendant in the case at bar could have met the contentions of plaintiff, had it simply shown that the serum was aseptically prepared, and could have further shown that there was no poisonous or deleterious ingredients in the serum at the time of its manufacture, sale and delivery.

Then, further, when parting with said medicine, a record or examination might have disclosed that certain tests had been made for the purpose of ascertaining whether any foreign substances were in the same, and that said medicine was not in a septic condition at the time of delivery.

Evidence shows that said medicine was administered in a clean, sanitary and scientific manner.

AFFIRMED.

SEDGWICK, J., dissenting.

The opinion says that the plaintiff alleges that the serum was "sold by the defendant, when the same was alleged to have been spoiled and poisonous." This the plaintiff must prove in order to recover damages.

The opinion says: "Defendant in the case at bar could have met the contentions of plaintiff, had it simply shown that the serum was aseptically prepared. * * * A record or examination might have disclosed that certain tests had been made for the purpose of ascertaining whether any foreign substances were in the same, and that said medicine was not in a septic condition at the time of delivery."

It is assumed that the defendant did not do these things, and so it is clear that there is no controversy, and it is unnecessary to refer to plaintiff's evidence. This places the burden of proof upon the wrong party.

The syllabus says that the evidence is "examined," but there is nothing in the opinion to indicate that it is at all material what the plaintiff's evidence might be. It is very doubtful to my mind that the evidence shows that the serum was poisonous.